IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01693-BNB

BILLY VON HALLCY,

    Plaintiff,

v.

INTERIM EX. DIRECTOR ROGER WERHOLTZ, et al.,
OFFICER DeHERRERA, Personal Capacity,
LIEUTENANT SCAVARDA (4439), Personal Capacity,
CAPTAIN VORWALD (1785), Personal Capacity,
OFFICER MILLER Personal Capacity, and
OFFICER DENNINGTON, Personal Capacity,

    Defendants.

SECOND ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Billy Von Hallcy, is a prisoner in the custody of the Colorado Department of Corrections. On July 23, 2013, Mr. Hallcy filed *pro se* a Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated. On July 25, 2013, the court entered an order directing Mr. Hallcy to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. On August 27, 2013, apparently in response to the order directing him to file an amended complaint, Mr. Hallcy filed a Motion to File and Amend Pleading in this Case (ECF No. 8) in which he makes vague and conclusory allegations regarding the claims he apparently intends to assert.

    The Motion to File and Amend Pleading in this Case does not comply with the court's order directing Mr. Hallcy to file an amended complaint. For one thing, the

District of Colorado local civil rules require *pro se* prisoners to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.2A. Therefore, Mr. Hallcy must use the court-approved Prisoner Complaint form in order to file an amended complaint. In addition, the court has reviewed the Motion to File and Amend Pleading in this Case and finds that Mr. Hallcy's vague and conclusory allegations in that document do not provide a short and plain statement of his claims showing he is entitled to relief.

For these reasons, the Motion to File and Amend Pleading in this Case will be denied. However, Mr. Hallcy will be given a final opportunity to file an amended complaint on the court-approved Prisoner Complaint form that complies with the pleading requirements of the Federal Rules of Civil Procedure as discussed in the court's July 25 order. For each claim Mr. Hallcy asserts in the amended complaint, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). In other words, Mr. Hallcy must make clear in the amended complaint what specific claim or claims he is asserting against each named Defendant, what specific constitutional rights allegedly have been violated, and how each named Defendant personally participated in the asserted constitutional violations. In addition, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and

searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that the Motion to File and Amend Pleading in this Case (ECF No. 9) is DENIED. It is

FURTHER ORDERED that Mr. Hallcy shall have **thirty (30) days from the date of this order** to file an amended complaint using the court-approved Prisoner Complaint form that complies with the court's July 25, 2013 order. It is

FURTHER ORDERED that if Mr. Hallcy fails within the time allowed to file an amended complaint on the court-approved Prisoner Complaint form that complies with the court's July 25, 2013 order, the action will be dismissed without further notice.

DATED September 3, 2013, at Denver, Colorado.

                                                BY THE COURT:

                                                s/ Boyd N. Boland
                                                United States Magistrate Judge