IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01693-BNB

BILLY VON HALLCY,

    Plaintiff,

v.

INTERIM EX. DIRECTOR ROGER WERHOLTZ, et al.,
OFFICER DeHERRERA, Personal Capacity,
LIEUTENANT SCAVARDA (4439), Personal Capacity,
CAPTAIN VORWALD (1785), Personal Capacity,
OFFICER MILLER, Personal Capacity, and
OFFICER DENNINGTON, Personal Capacity,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Billy Von Hallcy, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Hallcy initiated this action by filing *pro se* a document (ECF No. 1) in which he alleged that prison officials had violated his rights. On July 23, 2013, Mr. Hallcy filed on the proper form a Prisoner Complaint (ECF No. 4) pursuant to 42 U.S.C. § 1983 claiming that his rights under the United States Constitution have been violated.

    On July 25, 2013, after reviewing the Prisoner Complaint, Magistrate Judge Boyd N. Boland entered an order (ECF No. 7) directing Mr. Hallcy to file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. Magistrate Judge Boland specifically determined that Mr. Hallcy failed to provide a short and plain statement of his claims showing he is entitled to relief because

it was not clear what specific claim or claims he was asserting against each named Defendant, what specific constitutional rights allegedly have been violated, and how each named Defendant personally participated in the asserted constitutional violations. On August 27, 2013, apparently in response to the July 25 order, Mr. Hallcy filed a "Motion to File and Amend Pleading in this Case" (ECF No. 9) in which he made additional vague and conclusory allegations regarding the claims he apparently intends to assert in this action.

On September 3, 2013, Magistrate Judge Boland entered a Second Order Directing Plaintiff to file an Amended Complaint (ECF No. 10) because the "Motion to File and Amend Pleading in this Case" (ECF No. 9) did not comply with the July 25 order. Magistrate Judge Boland advised Mr. Hallcy in the September 3 order that he must use the court-approved Prisoner Complaint form to file an amended complaint. Magistrate Judge Boland also reiterated that Mr. Hallcy must comply with the pleading requirements of the Federal Rules of Civil Procedure as discussed in the July 25 order. On September 30, 2013, Mr. Hallcy filed an amended Prisoner Complaint (ECF No. 13) along with a document titled "Motion Filing Amended Complaint" (ECF No. 12) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 14). The document titled "Motion Filing Amended Complaint" (ECF No. 12) will be denied as unnecessary and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 14) will be denied as moot because Mr. Hallcy previously was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action.

Because Mr. Hallcy has been granted leave to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915, the Court must dismiss the action if Mr. Hallcy's claims are frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  For the reasons stated below, the Court will dismiss the action as legally frivolous.

The Court must construe the amended Prisoner Complaint liberally because Mr. Hallcy is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*

Mr. Hallcy's allegations in the Prisoner Complaint stem from an incident that occurred on February 16, 2013, when his prison cell at the Sterling Correctional Facility was searched and a broken desk lamp was confiscated.  Mr. Hallcy alleges that he filed a series of administrative grievances regarding the confiscation of his desk lamp because, although the lamp was not in the best shape, it still was working and he could not afford to purchase a new one.  Mr. Hallcy claims in the amended Prisoner Complaint that Defendants denied his grievances and subjected him to excessive verbal abuse, threats, and intimidation in violation of various constitutional amendments.  He seeks damages as relief.

Claim One

Mr. Hallcy alleges in claim one that Lieutenant Scavarda denied his step one grievance regarding the confiscated desk lamp in violation of his First Amendment right to petition for redress of grievances. Although it is not clear against which Defendant or Defendants he is asserting the claims, Mr. Hallcy also makes vague and conclusory allegations within claim one that the confiscation of his desk lamp violated the Fourth Amendment, subjected him to cruel and unusual punishment in violation of the Eighth Amendment, and violated his Fourteenth Amendment rights to due process and equal protection.

The First Amendment claim against Lieutenant Scavarda is legally frivolous because the denial of a prisoner's administrative grievance does not implicate a constitutionally protected interest. *See Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (agreeing with "sister circuits that a prison grievance procedure does not provide an inmate with a constitutionally protected interest"); *see also Boyd v. Werholtz*, 443 F. App'x 331 (10th Cir. 2011) (affirming dismissal under § 1915A of inmate's claim based on alleged denial of access to prison grievance procedure); *Sawyer v. Green*, 316 F. App'x 715, 717 n.3 (10th Cir. 2008) (noting that lack of response to jail inmate's grievance does not constitute a constitutional violation).

Mr. Hallcy's vague and conclusory allegations within claim one that the confiscation of his desk lamp violated the Fourth, Eighth, and Fourteenth Amendments also will not support a cognizable claim. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such

pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the orders directing Mr. Hallcy to file an amended complaint, Magistrate Judge Boland specifically advised Mr. Hallcy that, for each claim he asserts in this action, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Despite these instructions, Mr. Hallcy fails to allege specific facts in support of his claims that the confiscation of his desk lamp violated the Fourth, Eighth, and Fourteenth Amendments. Mr. Hallcy also fails to identify which Defendant or Defendants he is asserting these claims against.

In addition, with respect to the alleged Fourth Amendment violation, Mr. Hallcy cannot state a cognizable claim because "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *See Hudson v. Palmer*, 468 U.S. 517, 526 (1984). Mr. Hallcy also cannot state a cognizable claim that the confiscation of his desk lamp subjected him to cruel and unusual punishment because he was not deprived of "'the minimal civilized measure of life's

5

necessities.'" *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  With respect to his due process claim, Mr. Hallcy fails to allege facts that demonstrate he was deprived of a constitutionally protected property interest without adequate due process.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  The Court notes in this regard that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available, *see Hudson*, 468 U.S. at 533, and a prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure offers a meaningful remedy, *see id.* at 536 n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982).  Finally, with respect to the asserted violation of his right to equal protection, Mr. Hallcy makes no allegation that he has been treated differently than any similarly situated individual.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

For these reasons, the entirety of claim one in the amended Prisoner Complaint will be dismissed as legally frivolous.

Claim Two

Claim two in the amended Prisoner Complaint is asserted against Captain Vorwald and is similar to claim one.  Mr. Hallcy contends in claim two that Captain Vorwald denied his step two grievance regarding the confiscation of his desk lamp in violation of his First Amendment rights.  Mr. Hallcy also alleges in claim two that "Chaptain [sic] Vorwald made the decision about the Lamp, without even seeing the Evidence [sic], in this case.  Witch [sic] Violate my IV amendment rights, Search and seizure of my property.  It also Violate my VIII, IX, XIV, rights to due process."  (ECF No. 13 at 6.)  Finally, Mr. Hallcy asserts in claim two that Captain Vorwald was aware of

unspecified threats and intimidation that allegedly were described in the step two grievance.

Mr. Hallcy's First Amendment claim against Captain Vorwald, like the First Amendment claim against Lieutenant Scavarda discussed above, is legally frivolous. *See Bingham*, 654 F.3d at 1177. Mr. Hallcy's other constitutional claims against Captain Vorwald, asserted pursuant to the Fourth, Eighth, Ninth, and Fourteenth Amendments, also are legally frivolous and will be dismissed because those claims are vague and conclusory. *See Ketchum*, 775 F. Supp. at 1403. Therefore, the entirety of claim two in the amended Prisoner Complaint will be dismissed as legally frivolous.

Claim Three

Claim three in the amended Prisoner Complaint is asserted against Roger Werholtz and is similar to claims one and two. Mr. Hallcy alleges that Defendant Werholtz is the interim executive director of the DOC and that on May 2, 2013, Defendant Werholtz's office denied the step three grievance Mr. Hallcy filed regarding the confiscation of his desk lamp in violation of his First Amendment rights. Mr. Hallcy also makes vague and conclusory allegations in claim three that his Fourth, Eighth, and Fourteenth Amendment rights have been violated.

Claim three in the amended Prisoner Complaint is legally frivolous because Mr. Hallcy fails to allege facts that demonstrate Defendant Werholtz personally participated in the asserted constitutional violations. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (noting that "personal participation in the specific constitutional violation complained of is essential"). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d

7

1416, 1423 (10th Cir. 1997); see also Schneider v. City of Grand Junction Police Dept., 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability). As a result, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Dodds v. Richardson, 614 F.3d 1185, 1198-99 (10th Cir. 2010).

In addition, even assuming Mr. Hallcy did allege personal participation by Defendant Werholtz, Mr. Hallcy's First Amendment claim against Defendant Werholtz, like the First Amendment claims against Lieutenant Scavarda and Captain Vorwald discussed above, is legally frivolous. See Bingham, 654 F.3d at 1177. Mr. Hallcy's other constitutional claims against Defendant Werholtz also are legally frivolous because those claims are vague and conclusory. See Ketchum, 775 F. Supp. at 1403.

For these reasons, the entirety of claim three in the amended Prisoner Complaint will be dismissed as legally frivolous.

Claim Four

Claim four in the amended Prisoner Complaint includes allegations against Officer DeHerrera, Lieutenant Scavarda, and Captain Vorwald. Mr. Hallcy contends that these Defendants subjected him to cruel and unusual punishment based on excessive verbal abuse, threats, and intimidation. Mr. Hallcy maintains that he was subjected to excessive verbal abuse, threats, and intimidation because he filed a grievance regarding his lamp, although he does not provide specific factual allegations describing the alleged verbal abuse, threats, and intimidation. Mr. Hallcy also claims that, with respect to Lieutenant Scavarda and Captain Vorwald, his rights under the First, Fourth, Eighth, Ninth, and Fourteenth Amendments were violated.

Mr. Hallcy's Eighth Amendment claim premised on excessive verbal abuse, threats, and intimidation is legally frivolous because verbal threats and harassment do not rise to the level of an Eighth Amendment violation. *See Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992). Mr. Hallcy's other constitutional claims against Lieutenant Scavarda and Captain Vorwald within claim four also are legally frivolous and will be dismissed because those claims are vague and conclusory. *See Ketchum*, 775 F. Supp. at 1403.

Finally, to the extent claim four can be construed liberally as a retaliation claim, the Court finds that the claim lacks merit. In order to state a retaliation claim, Mr. Hallcy must demonstrate that (1) he was engaged in constitutionally protected activity, (2) the defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse action was substantially motivated as a response to the plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Under the third prong, Mr. Hallcy must demonstrate that the "alleged retaliatory motives were the 'but for' cause of the defendants' actions." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1991).

The liberally construed retaliation claim is vague and conclusory because Mr. Hallcy fails to allege specific facts that demonstrate he suffered a constitutionally significant injury and he fails to allege specific allegations showing retaliation because

he exercised his constitutional rights.

For these reasons, claim four in the amended Prisoner Complaint will be dismissed in its entirety as legally frivolous.

Claim Five

Claim five in the amended Prisoner Complaint is asserted against Officers Miller and Dennington and is similar to claim four. Mr. Hallcy alleges that Officers Miller and Dennington subjected him to excessive verbal abuse, threats and intimidation in violation of his First, Eighth, Ninth, and Fourteenth Amendment rights. However, unlike claim four, Mr. Hallcy includes two specific factual allegations in support of claim five. In particular, he contends that on May 8, 2013, Officer Miller threatened to place him in the hole and that on May 14, 2013, Officer Dennington prevented him from obtaining copies for his legal work.

The Court construes the claim asserted against Officer Miller in claim five as a retaliation claim and the claim asserted against Officer Dennington in claim five as both a retaliation claim and an access to the courts claim. To the extent Mr. Hallcy may be asserting any other claims against either Defendant in claim five, the claims are vague and conclusory. *See Ketchum*, 775 F. Supp. at 1403.

Mr. Hallcy's retaliation claims against Officers Miller and Dennington will be dismissed as legally frivolous because Mr. Hallcy again fails to allege specific facts that demonstrate he suffered a constitutionally significant injury and he fails to allege specific allegations showing retaliation because he exercised his constitutional rights. *See Peterson*, 149 F.3d at 1144; *Frazier*, 922 F.2d at 562 n.1; *Allen*, 491 F. App'x at 6.

Mr. Hallcy's access to the courts claim against Officer Dennington also is legally

frivolous. "[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, a prisoner's access to the courts claim lacks merit in the absence of an actual injury in the prisoner's ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

Mr. Hallcy does not allege that he suffered any actual injury as a result of Officer Dennington's actions because he fails to allege with specificity the nature of the legal papers he sought to copy and he fails to identify any nonfrivolous legal claim that he was unable to pursue. Therefore, the access to the courts claim against Officer Dennington also will be dismissed as legally frivolous because the claim is vague and conclusory.

For these reasons, claim five in the amended Prisoner Complaint will be dismissed in its entirety as legally frivolous.

In summary, the Court finds that all of Mr. Hallcy's claims in the amended Prisoner Complaint are legally frivolous and must be dismissed. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that the "Motion Filing Amended Complaint" (ECF No. 12) is DENIED as unnecessary and the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 14) is DENIED as moot.

DATED at Denver, Colorado, this 9th day of October, 2013.

BY THE COURT:


s/Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge, for
LEWIS T. BABCOCK, Senior Judge
United States District Court